UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CITY OF CINCINNATI,                                    Case No. 1:13-cv-329

    Plaintiff,

                                          Magistrate Judge Bowman

    v.

CHEAP CONNECTIONS, LLC.

    Defendant.

## MEMORANDUM OF OPINION AND DECISION

This civil action is before the Court on the City of Cincinnati's ("City") motion to dismiss Defendant Cheap Connections LLC's counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 7)[1]. Defendant did not respond to the motion The parties have consented to the exercise of jurisdiction by the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 10). For the reasons set forth herein, I find that the City's motion to dismiss is well-taken.

### I. BACKGROUND AND FACTS

This matter was initiated by the City on March 13, 2013 in the Hamilton County Municipal Court against the Defendant Cheap Connections, LLC ("Cheap Connections"). The complaint was brought for civil offenses and fines related to Cheap Connections' blighted properties throughout the City of Cincinnati. (*See* Hamilton County Municipal Court Case No. 13CV06093).

On April 17, 2013, Cheap Connections filed an Answer and Counterclaims in the

---

[1] In the alternative, the City moves under Federal Rule of Civil Procedure 12(e) that the Court require Cheap Connections to file a more definite statement.

state court action. The City removed the case to this Court pursuant to 28 U.S.C. §1441 on May 15, 2013 because Cheap Connections' counterclaims asserted numerous federal constitutional claims against the City. (Doc. 1). This Court granted leave for the City to file a responsive pleading on or before July 1, 2013. (Doc. 6).

The record shows that Cheap Connections owns or owned properties throughout the City of Cincinnati located at 3323 Spokane Avenue, 811 Dayton Street, 535 Prospect Place, 2993 McMicken, 3005 Kerper Avenue, 1616 Sutter Avenue, 2016 Vine Street ("the Properties"). According to the complaint, each of the Properties are and/or have been in violation of several Cincinnati building, housing and health code regulations. As a result of these violations, the City has issued multiple notices of civil offenses and fines to Cheap Connections. Cheap Connections failed to pay the balances due for these offenses, forcing the City to file a complaint for damages in Hamilton County Municipal Court in March 2013.

In April 2013, Cheap Connections filed an Answer and Counterclaims against the City purporting to assert numerous federal constitutional claims against the City. Construed broadly, it appears that Cheap Connections' alleges the following counterclaims:

- Violation of "due process and constitutional rights"
- Violation of Substantive Due Process Rights
- Unconstitutional Governmental Takings in violation of Fifth and Fourteenth Amendments
- Void for Vagueness
- Excessive Fines
- Violations of the Defendant's First Amendment Rights
- Unconstitutional Search and Seizure
- Rights to Privacy
- Thirteenth Amendment's prohibition against slavery and involuntary servitude
- Violations of 42 U.S.C. §§1982, 1983 and 1985

(Doc. 3). Cheap Connections counterclaim also seeks injunctive relief, attorneys' fees,

costs, and actual and punitive damages. The City now moves to dismiss Cheap Connections counterclaims. Cheap Connections did not timely respond and on August 16, 2013, it was ordered to show cause within 10 days why its counterclaims should not be dismissed and this matter remanded back to state court. (Doc. 12). The time deadline in the show cause order has passed without a responsive filing by Cheap Connection.

## II. STANDARD OF REVIEW

Rule 8(a)(2), Fed. R. Civ. P., requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In recent years, the Supreme Court has brought greater focus to that pleading standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) that a previously well-worn formulation that generally prevented dismissal, unless no set of facts could offer relief, "has earned its retirement." *Twombly* ushered in a new standard, whereby a complaint was required to contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974. In *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court further explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Under *Iqbal*, a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations. *Id.* The first step is to identify the elements of the claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption

of truth"). To survive a Rule 12(b)(6) motion to dismiss, a would-be plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965.

### III. ANALYSIS

To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Sigley v. City of Parma Hts.*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In this case, the purported counterclaims asserted by Cheap Connections fail to contain sufficient factual allegations to state any section 1983 claim against the City "that is plausible on its face." *Iqbal* at 199.

As noted by the City, upon review of Cheap Connections' Answer and Counterclaims it is difficult to discern the specific counterclaims raised. Cheap Connections' pleading consists primary of a narrative discussion relating to the claims raised by the City. In an attempt to discern the purported counterclaims, the City focused on key words or allegations raised throughout its Answer and Counterclaims which indicate that a possible right has been violated and/or a counterclaim asserted. Notably, other than identifying the word "counterclaims" in the title of the pleading, and adding a demand for relief including damages and attorneys' fees, the counterclaims are not readily identifiable. In this regard, Cheap Connections includes the following statements in its Answer and Counterclaims:

- ¶44: "The City is attempting to prevent property owners from just simply owning unoccupied residential real estate, which violates due process and constitutional rights."

- ¶63: "The City's requirements for the property owner to obtain [a Vacated Building Maintenance License] violates the property owner's rights [sic] in the Thirteenth Amendment prohibiting slavery and involuntary servitude."
- ¶66: "The City and its employees are violating the property owner's rights under 42 U.S.C. 1982, 42 U.S.C. 1983, and 42 U.S.C. 1985, *inter alia*."
- ¶72: "The City is violating the property owner's freedom of speech for having unoccupied premises because the City wants to improve the land and the property values, but that means the City is improperly limiting offensive speech while lacking a captive audience or obscenity."
- ¶75: "The City is improperly regulating the property owner's right to symbolic expression."

(Doc. 3).

As further explained below, even construed liberally, such statements fails to contain sufficient factual allegations to establish a violation of Cheap Connections constitutional rights.

**A. Constitutional Claims**

The Due Process Clause offers procedural and substantive protections against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1, *Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985). The threshold issue of due process analysis with respect to an action brought pursuant to 42 U.S.C. Section 1983 is whether a plaintiff has been deprived of one of these protected interests. *Id.* Here, Cheap Connections insufficiently asserts both procedural and substantive due process claims. Notably, procedural due process requirements dictate that any deprivation of a constitutionally protected property interest

5

be accompanied by notice and an opportunity to be heard. *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989). Before a claimant may successfully assert a procedural due process claim, he must first establish that he has a constitutionally protected property interest and must then avail himself of the process that is available*. Bowers v. City of Flint*, 325 F.3d 758, 762 -763 (6th Cir. 2003).

In this case, Cheap Connections Answer and counterclaims appears to assert that it was not timely informed of its right to file an appeal with the Board of Housing Appeals. However, Cheap Connections' pleading fails to allege with any specificity how the City's notice failed or how the administrative appeals process was unavailable to it and/or that the City's administrative processes would be inadequate. As such, Cheap Connections fails to state a plausible procedural due process claim.

Next, Cheap Connections alleges that its "substantive due process rights were violated by the City." (Doc. 3 at ¶54). In this regard, property interests that are considered "fundamental" are protected by substantive due process principles. *Wilson v. Yaklich*, 148 F.3d 596, 605 (6th Cir. 1998). With respect to property interests, the Sixth Circuit has recognized two types of substantive due process claims. *Hampton v. Hobbs*, 106 F.3d 1281,1288 (6th Cir. 1997); *see also Harris v. City of Akron*, 20 F.3d 1396, 1405 (6th Cir. 1994). The first type includes claims asserting a denial of a right, privilege, or immunity secured by the Constitution or by federal statute other than procedural due process claims; the second type of claim is directed at official acts which may not occur regardless of the procedural safeguards accompanying them. *Id.* The test for substantive due process claims of the second type is whether the conduct complained of "shocks the conscience" of the court. *Id.* Substantive due process constrains only those activities that have no

reasonable relation to legitimate government objectives. *Id.* Cheap Connections' counterclaim fails to identify which substantive right the City allegedly violated and/or provide any supporting factual allegations with respect to this claim. Accordingly, Cheap Connections conclusory allegations do not state a plausible substantive due process claim for relief against the City. *Twombly*, 550 U.S. at 555.

Cheap Connections Answer and Counterclaims also appear to assert that the City has engaged in unconstitutional takings. However, as noted by the City, to the extent Cheap Connections has raised a viable takings counterclaim, such claim is not ripe for adjudication. (*See Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 105 S.Ct. 3108, 3116 (1985) ("a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue."). Here, Cheap Connections has not alleged that any final decisions have been issued, it has failed to plead facts sufficient to establish a plausible regulatory takings claim. Notably Cheap Connections has not availed itself of the administrative remedies available through the Board of Housing Appeals, Board of Building Appeals and/or Office of Administrative Hearings. Accordingly, this Court is without jurisdiction to consider these claims.

Cheap Connection also broadly claims that the Building Code and Property Maintenance Code is "vague and unconstitutional." (Doc. 3 at ¶¶25-26, 45, 67-69. However, Cheap Connections does not identify the codes in questions nor provide any supporting allegations in support of this claim.

Furthermore, Cheap Connections' pleading contains numerous references to the

City's purported violation of its First Amendment rights. The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." Here, Cheap Connections asserts, *inter alia*, that "City is violating the property owners right to freedom of speech. Simply owning vacant real estate can be a type of symbolic speech or protest." (Doc. 3 at ¶ 47-48). As noted by the City, assuming *arguendo*, that ownership of blighted and dangerous buildings that threaten public safety are a form of "symbolic expression," it is not one protected by the First Amendment, which defines the rights it protects based on certain activities. *See Shepherd v. Sheldon*, Case No. 11CV127, 2011 U.S. Dist. LEXIS 91165, at *23 (N.D. Ohio Aug. 15, 2011). Upon review, the Court finds that Cheap Connections fails to state a claim against the moving defendants for violation of the First Amendment. Simply put, plaintiffs fail to identify any conduct whatsoever that they engaged in that is protected by the First Amendment. Accordingly, dismissal is warranted.

Finally, to the extent that Cheap Connections is attempting to assert any additional Federal claims, such as claims for illegal searches and seizures in violation of the Fourth Amendment, as well as any claims under the 42 U.S.C. §§1982, 1983 and 1985 such claims fail as a matter of law. Notably, Cheap Connections fails to support such claims in any meaningful way and its allegations consistent solely of "labels and conclusions." *See Twombly*, 127 S. Ct. at 1965. Such claims are therefore properly dismissed pursuant to Civil Rule 12(b)(6). Accordingly, to the extent that Cheap Connections Answer and Counterclaims could be liberally construed to include counterclaims arising under Federal

law, such claims fail as a matter of law and are herein dismissed.

*B. Remand back to state court is warranted.*

Having concluded that Cheap Connections has failed to state any federal counter claims for relief this Court is left to consider whether it should retain jurisdiction of the original claim filed by City against Defendant Cheap Connections for the sum of $11,862.50 for unpaid fines as a result of Municipal Code violations. Because the remaining claims between the parties do not provide any basis to invoke federal jurisdiction and because the interests of judicial economy are better served by remand, the undersigned herein remands this matter back to state court.

### III. CONCLUSION

Based on the foregoing, the undersigned concludes that the City's motion to dismiss is well-taken. Thus, to the extent that Cheap connections counterclaims can be construed as asserting any claims under federal law, such claims are **DISMISSED** pursuant to Rule 12(b)(6). Furthermore, this Court declines to retain jurisdiction over this matter, and **REMANDS TO STATE COURT**, Plaintiff, The City of Cincinnati's original claim against Cheap Connections for unpaid fines in the amount of $11,862.50. 28 U.S.C. § 1367(c). As no further matters remain pending, this action is **CLOSED and TERMINATED** on the active docket of the Court

**IT IS SO ORDERED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge